IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-02819 |
| ) | Judge Crenshaw/Frensley |
| FRANKLIN AMERICAN MORTGAGE ) | |
| COMPANY and J.P. MORGAN CHASE, N.A., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon several motions by the Parties. Defendant J.P. Morgan Chase, N.A. ("Chase") has filed a Motion to Dismiss and Supporting Memorandum of Law. Docket Nos. 4, 5. Although the pro se Plaintiff did not respond to that Motion within the time allotted for response, Plaintiff has subsequently filed a document that appears to respond to Chase's Motion: "Memorandum in Support of Plaintiff's Motion in Opposition." Docket No. 30. Chase has also filed a "Motion to Dismiss for Failure to Prosecute and Incorporated Memorandum of Law." Docket No. 14. Plaintiff has filed a Response in Opposition. Docket No. 16. Chase has filed a Reply. Docket No. 19. Plaintiff has filed a document that appears to be related to Chase's Motion to Dismiss for Failure to Prosecute: "Plaintiff's Reply to Chase Bank's Response." Docket No. 29.

Plaintiff has filed a "Motion to Recind [*sic*] Notice and Order of Removal." Docket No. 22. Explaining that this document appears to seek remand to state court, Chase filed a "Response in Opposition to Motion to Remand." Docket No. 24. Plaintiff then filed "Plaintiff's Reply to Defendant Chase Bank's Response [RE24] to Motion Concerning Removal Jurisdiction." Docket No. 27.

Defendant Franklin American Mortgage Company ("FAMC") has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in which it specifically joins in the Motions to Dismiss filed by Chase. Docket No. 31. FAMC has also filed a Supporting Memorandum of Law. Docket No. 32. Apparently in response, Plaintiff has filed a "Memorandum in Support of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss as Time Barred" (Docket No. 33) and a "Motion in Opposition to Defendant Franklin American's Motion to Dismiss as Time Barred" (Docket No. 34).

## I. Background

Plaintiff filed this cause in Davidson County Chancery Court on September 30, 2016. Docket 1-2. Chase removed it to this Court on October 31, 2016, citing 28 U.S.C. § 1331 (diversity jurisdiction) and § 1332 (federal question jurisdiction). Docket No. 1 (Notice of Removal). Specifically, Chase states that it is a citizen of Ohio, and that while Plaintiff is a citizen of Tennessee and FAMC is "a Tennessee corporation with its principal office in Tennessee," FAMC's citizenship "may be disregarded because it has been fraudulently joined by Plaintiff in effort [*sic*] to defeat diversity jurisdiction." *Id.* at 3. Chase argues that Plaintiff's claim against FAMC is one of fraud, that Plaintiff's Complaint does not properly plead fraud, and that Plaintiff therefore "fails to plead a colorable claim against [FAMC] under Tennessee law, and [FAMC's] citizenship may be disregard [*sic*] for purposes of diversity jurisdiction." *Id.* at 3-4. Chase further contends that the Court has federal question jurisdiction because Plaintiff's claims "appear to be based on issues related to the FHA insured mortgage loan program. Plaintiff must necessarily prove a violation of federal law in order to prevail on his claims." *Id.* at 5.

Plaintiff did not respond to the assertion of diversity in the Notice of Removal until filing his "Motion to Recind [*sic*] Notice and Order of Removal" on February 21, 2017. Docket No. 22. In this document, Plaintiff maintains that:

> Plaintiff did not add [FAMC] fraudulently nor as an attempt to defeat diversity jurisdiction. Plaintiff actually believes, as his complaint alleges, that but for the fraudulent acts of [FAMC] the chain of events that resulted in [Chase] claims upon his real property would have never begun.
>
> Plaintiff further asserts that he seeks no monetary damages from Chase. From it he seeks only injunctive relief and for such time as to fully litigate his claims against [FAMC], from which any and all monetary damages are sought.
>
> Plaintiff finally asserts that he need not prove that federal law violation(s) are at issue in this cause. Proving that [FAMC] committed fraud in this cause is a matter of Tennessee [*sic*] and does not raise a "federal question" as contemplated by 28 U.S.C. § 1332 and as conceded by Chase in its Notice of Removal ¶10.
>
> . . .
>
> Plaintiff now sues [FAMC], not to defeat the diversity requirement pursuant to the F.R.C.P, [*sic*] but because it was the fraudulent acts of [FAMC] that are the beginnings of the Daisy Chain that introduces to defendant Chase and that has resulted in the outcomes plaintiff has faced hear [*sic*] to date. In fact [FAMC] is an essential actor in this melodrama such the [*sic*] compulsory joinder provisions of the F.R.C.P. should apply here.

*Id.* at 1-2.

Chase responds that "Plaintiff's Motion to Remand is, in reality, a desperate effort to evade dismissal," and reiterates its arguments regarding federal question and diversity jurisdiction. Docket No. 24, p. 1-4.

3

## II.  Law and Analysis

### A.  Applicable Law of Jurisdiction and Fraudulent Joinder

This Court has original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity: the citizenship of each plaintiff must be diverse from the citizenship of each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467 (1996); *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F. 3d 488, 492 (6th Cir. 1999). The party "seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." *Coyne*, 183 F. 3d at 493 (internal quotation marks and citation omitted).  Further, the issue of subject matter jurisdiction may be raised "at any time, by any party or even *sua sponte* by the court itself."  *Franzel v. Kerr Mfg. Co.*, 959 F. 2d 628, 629 (6th Cir. 1992).

"Fraudulent joinder is a judicially created doctrine that provides a limited exception to the requirement of complete diversity."  *Garner v. SDH Servs. East, LLC*, 55 F. Supp. 3d 1016, 1021 (M.D. Tenn. 2014).  Under this doctrine, the court must determine whether the plaintiff has "at least a colorable cause of action under state law against the non-diverse defendant."  *Id.*, *citing Jerome-Duncan, Inc. v. Auto-By-Tel., L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  Thus, this Court must look to Tennessee law to determine whether FAMC is a proper defendant, or whether, as argued by Chase, it was fraudulently joined.  "The non-moving party's actual motive for joining a non-diverse party is immaterial to the court's determination regarding fraudulent joinder." *Id.*  "Therefore, the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F. 3d 940, 949 (6th Cir. 1994) (citation and internal quotation marks omitted.)  In making this determination, any disputed questions of fact and ambiguities in the

4

controlling state law must be resolved in favor of the non-removing party. *Id.*; *accord Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951-52 (6th Cir. 2011).

The analysis that must ensue is complex:

> As at least some district courts within this circuit have observed, applying the fraudulent joinder standard can be a difficult inquiry, because the Sixth Circuit's "reasonable basis" and "colorable cause of action" standard leaves room for debate as to how deferential a court should be in evaluating the sufficiency of the plaintiff's claims for fraudulent joinder purposes, short of applying the <u>Rule 12(b)(6)</u> standard. *See* <u>Little v. Purdue Pharma, L.P., 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002)</u>. At a minimum, it places the court in the position of attempting to evaluate whether there is a "colorable" cause of action under state law before exercising jurisdiction (assuming that the non-diverse defendant was fraudulently joined) to reach the merits of the state law claims.

*Garner*, 55 F. Supp. 3d at 1022-23.

The portions of Plaintiff's Complaint that relate to FAMC are as follows:

> Plaintiff asserts that he secured a line of credit in the principal amount of $116,000.00 from Defendant Franklin American in September, 2007.
>
> Plaintiff asserts that he used funds from an existing 401(k) as collateral for the line of credit and that the loan was not a mortgage, nor was secured by real property.
>
> Plaintiff asserts that the line of credit was to fund the cost of improvements on said real property.
>
> Plaintiff alleges, upon information and belief, that Defendant Franklin American subsequently without Plaintiff's knowledge and/or agreement, converted said line of credit to a United States Department of Housing and Urban Development (FHA) insured mortgage loan.
>
> Plaintiff alleges, upon information and belief, that Defendant Franklin American subsequently transferred said loan in its FHA form to Defendant J. P. Morgan Chase N. A. in June, 2012.
>
> . . .

5

> Plaintiff further alleges, upon information and belief, that Defendant Chase was paid by FHA an amount it claimed was owed them pursuant to the insurance that accompanied the loan fraudulently created and transferred by Defendant Franklin American Mortgage.
>
> Plaintiff further alleges, upon information and belief, that Defendant Chase, now claims ownership of Plaintiff's real property and is demanding that Plaintiff execute a new note and/or tender payment on a loan that has already been fully paid by the Plaintiff and by the FHA insurance program, all as a result of the fraudulent acts of Defendant Franklin American Mortgage.
>
> …
>
> Plaintiff further alleges that Defendant Chase is and has been continuing to be the beneficiary of the fraudulent acts of Defendant Franklin American.
>
> . . .
>
> Alternatively Plaintiff seeks damages from Defendant Franklin American Mortgage Company in the amount of $1,500,000.00 to compensate him for loss of real property and for his pain and suffering.
>
> That Plaintiff be awarded punitive damages from Defendant Franklin American Mortgage Company in the amount of $1,500,000.00.

Docket No. 1-2 (Complaint), p. 2-5 (paragraph numbering omitted). Plaintiff has not filed an Amended Complaint nor moved for permission to do so.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further,

6

"a Court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011). *See also Payne v. Sec'y of Treas.*, 73 F.App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her."

It is apparent that Plaintiff's claims against FAMC center around its alleged "fraudulent acts." Thus, the relevant inquiry is whether Plaintiff has a colorable cause of action for fraud under Tennessee law against FAMC. This inquiry implicates a decision of whether to assess Plaintiff's Complaint under the Federal or Tennessee rules of pleading.

> To add another layer of complexity, it does not appear that the Sixth Circuit has explicitly stated whether district courts assessing fraudulent joinder should consider the claims in light of the pleading standard applicable in state court rather than the federal pleading standards (if they differ). Here, the distinction is important, because Tennessee has rejected the *Twombly/Iqbal* standard for analyzing motions to dismiss. *Webb v. Nashville Area Habitat for Humanity, Inc., 346 S.W.3d 422 (Tenn. 2011)*. Instead of the more stringent federal standard, Tennessee employs a "liberal notice pleading standard," the primary purpose of which is merely "to provide notice of the issues presented to the opposing party and the court." *Id. at 426*. Reasoning that a federal district court's role is to determine whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," many federal courts have applied the state law standard in determining fraudulent joinder. *See Smith v. Baker Concrete Constr., Inc., 2014 U.S. Dist. LEXIS 105152, 2014 WL 3715125, at \*4 (E.D. Tenn. Mar. 28, 2014)* (applying Tennessee pleading standard); *Worrix v. Medtronic, Inc., 2013 U.S. Dist. LEXIS 179434, 2013 WL 6834719 at \*4 (E.D. Ky. Dec. 23, 2013)* (applying Kentucky pleading standard); *In re Regions Morgan Keegan Sec., Derivative, & ERISA Litig., 2013 U.S. Dist. LEXIS 77185, 2013 WL 2404063, at \*12-13 (W.D. Tenn. May 31, 2013)* (concluding, after conducting an Erie analysis, that more liberal Texas pleading standard should apply). By contrast, other federal courts, applying the rule that the federal rules "apply to a civil action after it is removed from a state court," *see Fed. R. Civ. P.*

7

> *81(c)(1)*, have found that the federal pleading standards apply
> when assessing fraudulent joinder. *See, e.g.,* <u>Beavers v. Depuy
> Orthopaedics, Inc., 2012 U.S. Dist. LEXIS 74453, 2012 WL
> 1945603, at \*3 (N.D. Ohio May 30, 2012)</u>; <u>Okenkpu v. Allstate
> Tex. Lloyd's, 2012 U.S. Dist. LEXIS 41705, 2012 WL 1038678, at
> \*7 (S.D. Tex. Mar. 27, 2012)</u>.

*Garner*, 55 F. Supp. 3d at 1022-23.

Under the Federal Rules, a plaintiff must state with "particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To meet this requirement, the plaintiff must allege "(1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Wall v. Mich. Rental*, No. 16-1988, 2017 U.S. App. LEXIS 4432, at \*7, (6th Cir. March 6, 2017), *citing United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (internal quotation marks omitted).

Under Tennessee law, a plaintiff must plead fraud by alleging facts supporting the following elements: "(i) the defendant made a representation of an existing or past fact; (ii) the representation was false when made; (iii) the representation was in regard to a material fact; (iv) the false representation was made either knowingly or without belief in its truth or recklessly; (v) plaintiff reasonably relied on the misrepresented material fact; and, and [*sic*] (vi) plaintiff suffered damage as a result of the misrepresentation." *Diggs v. Lasalle Nat'l Bank Ass'n*, 387 S.W. 3d 559, 564 (Tenn. Ct. App. 2012), *citing Metro. Gov't of Nashville & Davidson County v. McKinney*, 852 S.W. 2d 233, 237 (Tenn Ct. App. 1992). Further, Tennessee Rule of Civil Procedure 9.02 requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Here, Plaintiff has not alleged that FAMC made any representation, false or otherwise. *See* Docket No. 1-2. Rather, Plaintiff alleges that after he took out a loan from FAMC, secured

8

by money from his 401(k), FAMC converted that loan to a mortgage secured by Plaintiff's real property. *Id.* It is therefore not necessary to decide whether Plaintiff's fraud pleading should be evaluated under the Federal or Tennessee standard, as Plaintiff's pleading is inadequate under either standard. Because Plaintiff's Complaint does not allege a colorable claim of fraud under Tennessee state law, the joinder of FAMC should be deemed fraudulent, and thus FAMC's citizenship does not destroy the complete diversity necessary for this Court to retain jurisdiction over the matter.

The remedy for fraudulent joinder is dismissal of the claims against the non-diverse defendant. *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 595 (E.D. Ky. 2011); *see also Maher v. Federated Serv. Ins. Co.*, 666 F. App'x 396, 400-01 (6th Cir. 2016), finding, in the context of allegation of fraudulent joinder, "[p]ursuant to <u>Federal Rule of Civil Procedure 21</u>, we have the authority to dismiss dispensable non-diverse parties." Therefore, the Court should dismiss the claims against FAMC, and allow the case to proceed in this Court against Chase alone.[1]

## B. Res Judicata

This leads to consideration of Chase's argument that Plaintiff's claims against it should be barred by the doctrine of res judicata. Docket No. 5, p. 5-8. Specifically, Chase contends that the Tennessee General Sessions Court has already rendered a final judgment on the merits of the same cause of action. *Id.* at 6-8. Plaintiff responds that there was no judgment on the merits in General Sessions Court; rather, the Parties entered into an agreed order to stay the proceedings

---

[1] Because the Court should find that it has diversity jurisdiction pursuant to 28 U.S.C. § 1332, it is not necessary to address the Parties' arguments regarding federal question jurisdiction under 28 U.S.C. § 1331.

for thirty days, but the matter was never placed back on the docket and heard.  Docket No. 30, p. 2.  Plaintiff further argues that the litigants are not the same in each action, as FAMC was not present in the General Sessions case, and that "the same cause of action in a detainer action and that of this cause are simply not the same." *Id.*

To withstand a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal brackets omitted)).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.  However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555.  "A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation and internal quotation marks omitted), and mere recitation of the

elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

Additionally, while the court will not generally consider matters outside of the pleadings when ruling on a motion to dismiss, "the court may . . . consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). Any "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). "Therefore, the Magistrate Judge may consider documents relating [to] the note, mortgage, assignment, loan modification process, and foreclosure that are referenced in the complaint and integral to [Plaintiff's] claims." *Currie v. CitiMortgage*, No. 3:14-cv-02151, 2015 U.S. Dist. LEXIS 98272 at *6 (M.D. Tenn. July 28, 2015) *quoting Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364-65 (6th Cir. 2014) (internal quotation marks omitted, alterations in original). "With regard to a motion to dismiss on res judicata grounds, a district court may take judicial notice of other court proceedings without converting the motion into one for summary judgment as long as those proceedings are relied on not for the truth of the facts recited there, but for the existence of the opinion." *Floch v. JPMorgan Chase Bank, N.A.*, No. 14-cv-02712-STA-tmp, 2015 U.S. Dist. LEXIS 34987 at *11 (W.D. Tenn. Feb. 13, 2015) (citation and internal quotation marks omitted).

Federal courts must "give the same preclusive effect, under the doctrines of res judicata and collateral estoppel, to state court judgments that those judgments would receive in courts of the rendering state." *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999). "State law determines the preclusive effect given to a prior state court judgment." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 384, 105 S. Ct. 1327 (1985). Accordingly, the Court will apply Tennessee law because the Davidson County General SessionsCourt rendered the prior judgment. Under Tennessee law, "[t]he doctrine of res judicata . . . bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were *or could have been* litigated in the former suit." *Creech v. Addington*, 281 S.W. 3d 363, 376 (Tenn. 2009) (emphasis added). The doctrine is not based upon "any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation." *Id.*, citation and internal quotation marks omitted. The party asserting res judicata must establish: "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Boyce v. LPP Mortgage Ltd.*, 435 S.W. 3d 758, 764 (Tenn. Ct. App. 2013).

As to the first factor, the General Sessions Court is a court of competent jurisdiction. "[T]he General Sessions Court possesses the authority to decide the merits of a detainer warrant" and "wrongful or fraudulent foreclosure may be raised as an affirmative defense to an unlawful detainer action." *Lawlor v. SunTrust Mortgage, Inc.*, No. 3:13-cv-00387, 2013 U.S. Dist. LEXIS 116584 at *11 (M.D. Tenn. Aug. 15, 2013), *citing* Tenn. Code Ann. § 29-18-107.

Regarding the second factor, Plaintiff is correct that FAMC was not a party to the General Sessions Court suit; however, as discussed above, FAMC should be dismissed from this matter under the doctrine of fraudulent joinder, leaving only Plaintiff and Chase, who were parties to that suit.[2]

Third, the same cause or action was asserted in both suits. "Two suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." *Creech*, 281 S.W. 3d at 381. Here, "both the instant suit and the Detainer Warrant and Judgment arise from the same transaction—Chase's allegedly-wrongful foreclosure on [Plaintiff's] property." *Davis v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-01083, 2015 U.S. Dist. LEXIS 93568 at * 9 (M.D. Tenn. July 16, 2015). As such, Plaintiff is barred from collaterally attacking the General Sessions Court's judgment in the instant suit.

Finally, the judgment entered against Plaintiff was final and on the merits. "A final judgment in General Sessions Court bars a subsequent suit in another court on the same subject." *Clay v. Barrington Motor Sales, Inc.*, 832 S.W. 2d 33, 34 (Tenn. Ct. App. 1992); *see also Boyce*, 435 S.W. 3d at 768 (finding that a detainer warrant granted by the General Sessions Court has a "preclusive effect"). "[A] final judgment is one that resolves all the issues in the case, leaving nothing else for the trial court to do." *In re Estate of Ridley*, 270 S.W. 3d 37, 40 (Tenn. 2008) (citation and internal quotation marks omitted). Despite Plaintiff's assertion that that the

---

[2] Although the case style on the General Sessions suit judgment lists Williefia Gunn as the Defendant, the judgment is granted against "Defendant(s) Samuel Davis occupant/owner." Docket No. 5-1. Further, this Court has already found that Plaintiff was a party to the General Sessions suit at issue. *Davis v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-01083, 2015 U.S. Dist. LEXIS 93568 at * 9 (M.D. Tenn. July 16, 2015).

13

judgment against him was not final because it was, instead, "an agreed order to stay any and all proceedings in the matter for 30 days," it is clear that a final judgment was rendered, attached as Exhibit A to Chase's Motion to Dismiss. *See* Docket No. 5-1. That document appears to be a file-stamped judgment from the Court of General Sessions, showing judgment granted to the plaintiff (in that matter, JPMorgan Chase Bank, NA), against "Defendant(s) Samuel Davis occupant/owner," by "Agreement of Parties," and is signed by a representative of Chase and Samuel L. Davis (Plaintiff). *Id.* It is true that someone has handwritten the words "no writ to issue for 30 days" on the judgment. *Id.* While the undersigned cannot presume to know the purpose of that notation, the judgment was clearly intended to have its full effect, at the latest, thirty days after it was issued and signed by the Parties (February 6, 2013). A failure to appeal a final judgment renders that decision final and immune to collateral attack. *See Ridley*, 270 S.W. 3d at 40.

Therefore, Plaintiff's claims against Chase are barred by res judicata, and should be dismissed.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion to Recind Notice and Order of Removal" (Docket No. 22) be DENIED; that Chase's "Motion to Dismiss" (Docket No. 4) be GRANTED; and that all other pending motions (Docket Nos. 14 and 31) be terminated as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file

14

any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge